UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PATSY CRABTREE, §<br>  *Plaintiff* §<br> §<br>v. §<br> §<br>WAL-MART STORES TEXAS, LLC, §<br>  *Defendant* § | Case No. 1:21-CV-00178-LY-SH |

### ORDER

Before the Court are Plaintiff's Motion for Leave to Conduct the Trial Direct Deposition of Patsy Crabtree, filed on December 14, 2021 (Dkt. 20); Defendant Walmart Stores Texas, LLC's Response to Plaintiff's Motion for Leave to Conduct the Trial Direct Deposition of Patsy Crabtree, filed December 21, 2021 (Dkt. 21); and Plaintiff's Reply to Defendant's Response, filed December 23, 2021 (Dkt. 22). On December 27, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 23.

**I.   Background**

On February 21, 2020, Plaintiff Patsy Crabtree "tripped over a broken tile and fell" in Defendant Wal-Mart Stores Texas, LLC's ("Walmart") store in Brenham, Texas. Plaintiff's Original Petition, Dkt. 1-3 ¶ 6. Plaintiff alleges that she broke her left hip and also suffered severe injuries to both hips, her left leg and foot, and other parts of her body in the fall. *Id.*; Dkt. 20 at 2.

Plaintiff filed a premises liability and negligence suit against Walmart in state court on May 8, 2020. *Crabtree v. Wal-Mart Stores Texas, LLC*, No. 37343 (335th Dist. Ct., Washington County, Tex. May 8, 2020), Dkt. 1-3. On August 10, 2020, Walmart deposed Crabtree for one hour and

1

eight minutes via Zoom; her counsel reserved questioning for trial. Dkt. 5 at 2-3. Walmart subsequently removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 ¶ 2. Discovery closes April 8, 2022, and jury trial is set for October 2022. Dkt. 17.

Plaintiff avers that in addition to fracturing her left hip in February 2020, Crabtree, who is 92 years old, "previously suffered a right hip fracture, and lost her husband of more than sixty years in August 2021," and "is a high fall risk." Dkt. 20 at 2, 5. Due to her age and health concerns, the parties agreed to conduct a deposition via Zoom on October 15, 2021 to preserve Crabtree's direct testimony for trial. Dkt. 20-2. Neither Crabtree nor her counsel appeared for her noticed deposition. Dkt. 21 ¶ 5. Plaintiff's counsel states that their failure to appear was unintentional and "[d]ue to internal scheduling problems." Dkt. 20 at 2.

Walmart has not agreed to reschedule Plaintiff's deposition. Walmart contends that Plaintiff "has habitually failed to appear," Dkt. 21 ¶ 6, citing Crabtree's failure to appear for a Zoom mediation in June 2021 as well as her nonappearance for deposition on October 15, 2021.[1]

Plaintiff now moves for leave to depose Crabtree a second time under Rule 30(a)(2), asserting that "concern that Crabtree might be absent from trial due to health reasons is the sole reason the Plaintiff seeks a trial deposition to preserve testimony." Dkt. 22 at 3. Walmart opposes the motion.

## II. Legal Standards

Rule 30(a)(2)(A) provides that a party must obtain leave of court to take a deposition "if the parties have not stipulated to the deposition" and "the deponent has already been deposed in the case." The court "must grant leave to the extent consistent with Rule 26(b)(1) and (2)." Rule 30(a)(2); *see also Gates v. Texas Dep't of Fam. & Protective Servs.*, No. A-09-CV-018 LY, 2010 WL 11598033, at *3 (W.D. Tex. Oct. 7, 2010).

---

[1] Plaintiff replies that Defendant was not inconvenienced by Crabtree's failure to appear at the mediation because she "was available telephonically. The mediation still took place." Dkt. 22 at 3.

Courts evaluate whether to grant leave to redepose a witness according to the considerations stated in Rule 26(b)(2)(C), including limiting discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

*See Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 487 (S.D. Tex. 2012), *overruled on other grounds by McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 474 (5th Cir. 2015); *see also United States ex rel. Woodard v. Davita, Inc.*, No. 1:05-CV-227, 2011 WL 13199233, at *2 (E.D. Tex. Sept. 26, 2011) (stating that a court must grant leave to depose witness for second time "unless it would be unreasonable to do so"). Federal courts have applied a good cause standard when deciding a motion to take a second deposition. *Chrastecky v. C.R. Bard, Inc.*, No. A-19-CV-1240-LY-SH, 2021 WL 2232013, at *2 (W.D. Tex. May 14, 2021).

### III.  Analysis

Plaintiff contends that, "once Plaintiff's husband passed away, the urgency to conduct the deposition became more pressing due to a combination of her age and health issues, but also due to the mental stress that his passing could cause." Dkt. 22 at 2. Walmart responds that "Plaintiff's counsel had the opportunity to preserve Plaintiff's testimony on both August 24, 2020, and October 15, 2021, but failed to secure the testimony." Dkt. 21 ¶ 10. Walmart asserts that "Plaintiff's actions have resulted and will continue to result in duplicative burden, expense, and prejudice to Walmart," which "continues to expend resources and manpower hours attempting to litigate this case despite Plaintiff's habitual failure to appear." *Id.* ¶ 11.

Having considered the parties' arguments, the record, and the applicable Rules, the Court finds that Plaintiff has established good cause to depose Crabtree a second time to preserve her trial testimony. Crabtree is the sole plaintiff in this case, and her counsel represents that she may be unable to attend trial due to her age and health. The Court further finds that, because Crabtree's previous deposition lasted for just over one hour and included no direct examination, a second deposition will not be unreasonably cumulative or duplicative. Finally, the Court finds that the burden or expense to Walmart of a second deposition will not outweigh its likely benefit to Crabtree, particularly if the parties again proceed via Zoom.

The Court admonishes Plaintiff that both Crabtree and her counsel must appear for the second deposition as noticed. Rule 37 provides that the Court may impose sanctions on both Plaintiff and her counsel if she fails to appear for a properly noticed deposition, including "reasonable expenses, including attorney's fees, caused by the failure." Rule 37(d)(3); *see also McCombs HFC, Ltd. v. Saleen Auto., Inc.*, No. SA-16-CA-00789-FB, 2017 WL 7733056, at *1 (W.D. Tex. May, 1, 2017) (imposing costs and expenses on party and counsel under Rule 37(d)(1)(A)(i) for corporate representative's failure to appear for noticed deposition).

### IV.  Conclusion

Plaintiff's Motion for Leave to Conduct the Trial Direct Deposition of Patsy Crabtree (Dkt. 20) is **GRANTED**. The Court **ORDERS** that, **by March 11, 2022**, Defendant must provide Plaintiff with available dates on or before **April 8, 2022** for a deposition of Plaintiff Patsy Crabtree so that the deposition may be scheduled for a mutually agreeable time and date.

**SIGNED** on March 3, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE